**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

MARISSA PORTER,
individually and
on behalf of all others similarly situated,

Plaintiff,

v.

DRIVETIME CAR SALES COMPANY, LLC

Defendant.
_______________________________________/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Marissa Porter brings this class action against Defendant Drivetime Car Sales Company, LLC, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 (the "FTSA").

2. In violation of the TCPA and FTSA, Defendant engages in unsolicited prerecorded sales calls to promote its products and services.

3. Through this action, Plaintiff seeks statutory damages for Defendant's unlawful calls, which intruded upon the privacy and peace and quiet of Plaintiff and members of the proposed Classes.

**PARTIES**

4. Plaintiff is a natural person and a resident of Pasco County, Florida. Plaintiff is the regular user of the cellular telephone number that received the call described below and is a "called party" within the meaning of Fla. Stat. § 501.059(1)(a).

5. Defendant is, and at all times relevant hereto was, an Arizona limited liability company with its principal place of business in Arizona.

6. Defendant conducts telephonic sales calls to consumers located in Florida and is a "telephone solicitor" doing business in this state within the meaning of Fla. Stat. § 501.059(1)(e) and (i).

**JURISDICTION AND VENUE**

7. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's FTSA claim pursuant to 28 U.S.C. § 1367(a) because it arises from the same calls and operative facts as Plaintiff's TCPA claim and forms part of the same case or controversy.

9. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed telemarketing and advertising calls into Florida, including the prerecorded sales call to Plaintiff's cellular telephone number while Plaintiff was in Florida.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District. Plaintiff resides in Polk County.

**FACTS**

11. Defendant made prerecorded sales calls to Plaintiff and members of the proposed Classes to promote its goods and services.

12. On or about June 24, 2026, June 25, 2026 and June 26, 2026, Defendant made an unsolicited prerecorded sales call to Plaintiff's cellular telephone number ending in 9646, as reflected in the screenshot below:






13. Upon listening to the message, Plaintiff recognized that the call used a prerecorded voice rather than a person speaking live.

14. The purpose of the call was to solicit Plaintiff to purchase a car.

15. Plaintiff is the regular user of the cellular telephone number ending in 3640 that received the prerecorded sales call. That telephone number has been registered on the National Do Not Call Registry since August 8, 2008.

16. Plaintiff was physically present in Florida when Plaintiff received the call described above.

17. Upon information and belief, Defendant maintains or has access to outbound call records for prerecorded calls advertising its goods and services. Those records identify the dates, times, telephone numbers called, and messages used in calls to Plaintiff and members of the Classes.

18. Plaintiff never provided Defendant with prior express written consent authorizing prerecorded sales or marketing calls to Plaintiff's cellular telephone

number.

19. Plaintiff never provided Defendant with prior express consent authorizing prerecorded sales or marketing calls to Plaintiff's cellular telephone number.

20. The challenged call invaded Plaintiff's privacy, intruded upon Plaintiff's seclusion, and caused inconvenience, aggravation, and annoyance. Members of the Classes suffered similar harm from the challenged prerecorded calls.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

21. Plaintiff brings this action individually and on behalf of the following proposed Classes pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> **TCPA Prerecorded Message Class:** All persons within the United States who, during the four years preceding the filing of this action through the date of class certification, received a call made by Defendant using a prerecorded voice to their cellular telephone number regarding Defendant's goods or service.
>
> **FTSA Prerecorded Message Class:** All persons within Florida who, during the four years preceding the filing of this action through the date of class certification, received a call made by Defendant using a prerecorded voice to their cellular telephone number regarding Defendant's goods or service.

22. Defendant and its employees or agents are excluded from both Classes.

### NUMEROSITY

23. Upon information and belief, Defendant has placed prerecorded sales calls to cellular telephone numbers belonging to at least 50 persons. The members of

each proposed Class are believed to be so numerous that joinder of all members is impracticable.

24. Upon information and belief, members of the Classes can be identified from Defendant's call records and related consent records.

### COMMON QUESTIONS OF LAW AND FACT

25. There are questions of law and fact common to the Classes that predominate over questions affecting only individual members. Those common questions include: (a) whether Defendant made the challenged prerecorded sales calls; (b) whether Defendant obtained the required consent; (c) whether Defendant is liable for damages and the proper measure of those damages; (d) whether Defendant violated the TCPA or FTSA; and (e) whether the calls to members of the FTSA Class were unsolicited telephonic sales calls within the meaning of the FTSA.

26. The common questions are capable of common answers based on Defendant's calling practices and records, permitting efficient adjudication of the claims in this action.

### TYPICALITY

27. Plaintiff's claims are typical of the claims of members of the Classes because they arise from the same alleged calling practices and are based on the same legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

28. Plaintiff will fairly and adequately protect the interests of the Classes and

has retained counsel experienced in class action litigation.

**SUPERIORITY**

29. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because the individual recoveries are generally too small to justify the expense of separate actions. Individual litigation would duplicate discovery and adjudication of the same common issues. Resolving these claims together will conserve the resources of the parties and the Court.

30. The Classes can be managed through common evidence concerning Defendant's calling practices, call records, consent records, and the content of the challenged messages.

**COUNT I**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**
**(On Behalf of Plaintiff and the TCPA Prerecorded Message Class)**

31. Plaintiff realleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

32. The TCPA prohibits nonemergency calls to cellular telephone numbers using an artificial or prerecorded voice without the called party's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii).

33. Defendant used prerecorded messages to make nonemergency sales calls to the cellular telephone numbers of Plaintiff and members of the TCPA Prerecorded Message Class.

34. Defendant did not have Plaintiff's or the TCPA Prerecorded Message Class members' prior express consent to make the challenged calls.

35. Defendant therefore violated 47 U.S.C. § 227(b)(1)(A)(iii).

36. Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff and members of the TCPA Prerecorded Message Class seek $500 in statutory damages for each violation, or actual monetary loss if greater.

**COUNT II**
**VIOLATION OF THE FLORIDA TELEPHONE SOLICITATION ACT**
**(On Behalf of Plaintiff and the FTSA Prerecorded Message Class)**

37. Plaintiff realleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

38. Florida Statutes § 501.059(8)(a) bars making or knowingly allowing an unsolicited telephonic sales call that plays a recorded message upon connection to the called number unless the called party has given prior express written consent.

39. Plaintiff and members of the FTSA Prerecorded Message Class are called parties under Fla. Stat. § 501.059(1)(a) because they are the regular users of the cellular telephone numbers that received the challenged calls.

40. Defendant is a telephone solicitor doing business in Florida under Fla. Stat. § 501.059(1)(e) and (i). The challenged calls solicited consumer goods or services, or credit for those purposes, and were telephonic sales calls under Fla. Stat. § 501.059(1)(j).

41. Defendant made the unsolicited calls described above to Plaintiff and members of the FTSA Prerecorded Message Class while they were in Florida, using recorded messages that played when connections were completed to the called numbers.

42. The challenged calls were unsolicited within the meaning of Fla. Stat. § 501.059(1)(k). Defendant lacked the prior express written consent required by Fla. Stat. § 501.059(1)(g) and (8)(a) for those calls.

43. Defendant thereby violated Fla. Stat. § 501.059(8)(a). Plaintiff and members of the FTSA Prerecorded Message Class were aggrieved by the violations, including the invasion of privacy, intrusion upon seclusion, inconvenience, aggravation, and annoyance described above.

44. Pursuant to Fla. Stat. § 501.059(10)(a), Plaintiff and members of the FTSA Prerecorded Message Class seek $500 in statutory damages for each violation, or actual damages if greater.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the applicable Classes, requests the following relief:

a. An order certifying the proposed Classes under Federal Rule of Civil Procedure 23(a) and (b)(3), appointing Plaintiff as their representative, and appointing Plaintiff's counsel as Class Counsel;

b. An award to Plaintiff and members of the TCPA Prerecorded Message Class of $500 in statutory damages for each violation of 47 U.S.C. § 227(b);

c. An award to Plaintiff and members of the FTSA Prerecorded Message Class of $500 in statutory damages for each violation of Fla. Stat. § 501.059, under Fla. Stat. § 501.059(10)(a);

d. An increase in the damages awarded, up to three times the otherwise available amount, to the extent the Court finds willful or knowing violations warranting enhancement under 47 U.S.C. § 227(b)(3) or Fla. Stat. § 501.059(10)(b); and

e. Such further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff, individually and on behalf of the Classes, hereby demands a trial by jury on all issues so triable.

DATED: November 18, 2026

Respectfully submitted,

By: *<u>/s/ Manuel S. Hiraldo</u>*

**HIRALDO P.A.**
Manuel S. Hiraldo
Florida Bar No. 030380
246 Shore Court
Lauderdale-by-the-Sea, Florida 33308
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
***Lead Counsel for Plaintiff***

**EISENBAND LAW P.A.**
***/s/ Michael Eisenband***
Michael Eisenband

Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 1301
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.732.2792
Attorney for Plaintiff